UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

YECENIA MIRANDA as mother and natural guardian of J. Q.,[1] an infant under the age of 18,

                               Plaintiff,

                   -against-

THE CITY OF NEW YORK, Detective DERRICK GOLDEN, Shield No. 7863; Lieutenant PETER CARRETTA; Police Officer "JOHN" KIDD; and JOHN and JANE DOE 2 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                               Defendants.

------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

11 CV 714 (NGG) (LB)

Jury Trial Demanded

## NATURE OF THE ACTION

1.      This is an action to recover money damages arising out of the violation of Plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

---

[1] The full name of infant plaintiff J.Q. has been redacted pursuant to FED R. CIV. P. 5.2(a)(3).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Yecenia Miranda ("Ms. Miranda" or "plaintiff"), a Hispanic female, is a resident of Kings County in the City and State of New York and the mother and natural guardian of J.Q., a Hispanic male under the age of 18.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Detective Derrick Golden ("Golden"), Shield No. 7863, at all times relevant herein, was an officer, employee and agent of the NYPD. Golden is sued in his individual and official capacities.

9. Defendant Lieutenant Peter Carretta ("Carretta"), at all times relevant herein, was an officer, employee and agent of the NYPD. Carretta is sued in his individual and official capacities.

10. Defendant Police Officer "John" Kidd ("Kidd"), at all times relevant herein, was an officer, employee and agent of the NYPD. Plaintiff does not know the

first name and shield number of defendant Kidd. Kidd is sued in his individual and official capacities.

11. At all times relevant defendants John and Jane Doe 2 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 2 through 10.

12. At all times relevant herein, defendants John and Jane Doe 2 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 2 through 10 are sued in their individual and official capacities.

13. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14. J.Q. is a high school student. On September 10, 2010, at approximately 1:15 p.m., J.Q. was coming out of his uncle's apartment located at 62nd Street and 5th Avenue in Brooklyn, New York.

15. J.Q. was going to go play baseball in a park and was carrying a baseball bat that he intended to put in the trunk of his uncle's car, which was parked nearby.

16. While waiting for J.Q.'s uncle, J.Q. and his cousin, who is J.Q.'s age, were horsing around with the baseball bat by grabbing ahold of it horizontally.

17. While they were horsing around, several unmarked police cars containing officers in plainclothes pulled up.

18. As the officers approached, J.Q. immediately dropped the bat he was holding.

19. One of the officers then subjected J.Q. to an unlawful search of his person.

20. No contraband was recovered from J.Q. during the search.

21. J.Q. told the officers, in sum and substance, that he had the baseball bat because he was going to play baseball.

22. J.Q.'s uncle explained to the officers, in sum and substance, that the group was on its way to the park to play baseball and that his car, containing other baseball equipment, was right there.

23. Despite the protest of J.Q., his uncle, his aunt and his cousin, J.Q. was arrested.

24. The officers accused J.Q. of being a Latin King.

25. J.Q. is not a member of any gang.

26.     J.Q. was taken to the 72nd precinct where he was held for approximately two hours.

27.     At the precinct, Officer Golden falsely informed employees of the Kings County District Attorney's Office ("DA") that J.Q. had stated that he was carrying a baseball bat for protection from a rival gang.

28.     J.Q. had made no such statement.

29.     Officer Golden also falsely informed the DA that J.Q. had been swinging the bat for half a block and caused five people to walk in the street to avoid being hit and prepared police paperwork and other documents to this effect.

30.     J.Q. never swung the bat at all.

31.     Golden and the other defendant officers fabricated these statements and prepared these documents in an effort to frame J.Q. for crimes he had not committed, improve their arrest statistics and further their careers.

32.     J.Q. was then taken to Brooklyn Central Booking where he was held overnight.

33.     J.Q. was charged with reckless endangerment.

34.     J.Q. was released on his own recognizance on September 11, 2010 at approximately 10:00 a.m.

35. J.Q.'s criminal case was subsequently adjourned in contemplation of dismissal.

36. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, humiliation and damage to his reputation.

## FIRST CLAIM
## 42 U.S.C. § 1983

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. Defendants, by their conduct toward Plaintiff alleged herein, violated Plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

39. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Unlawful Stop and Search

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

42. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
### False Arrest

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. Defendants violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without probable cause.

45. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. The individual defendants created false evidence against Plaintiff.

48. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

49. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's

7

constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

50. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
**Malicious Abuse Of Process**

51. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52. The individual defendants issued legal process to place Plaintiff under arrest.

53. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to frame Plaintiff for crimes he had not committed, improve their arrest statistics and further their careers.

54. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

55. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure To Intervene

56. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

58. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth And Fourteenth Amendments.

59. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### *Monell*

60. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

61. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by Plaintiff.

62. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

63. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

64. Federal judges have also recognized such a custom and practice of police officers. According to the Honorable Jack B. Weinstein:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration-through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

Colon v. City of New York, 09 Civ 08, 09 Civ 09 (E.D.N.Y. Nov. 25, 2009).

65. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

66. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

67. These policies, practices, and customs were the moving force behind Plaintiff's injuries.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED: May 27, 2011
New York, New York

HARVIS & SALEEM LLP

_____
Gabriel P. Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@harvisandsaleem.com

*Attorney for Plaintiff*