# CHRISTOPHER D. WRIGHT

### ATTORNEY AT LAW

---

### 305 BROADWAY, SUITE 1400,
### NEW YORK, NY 10007
### OFFICE (212) 822-1419 • FACSIMILE (212) 822-1463

November 14, 2011

**BY ECF**
Honorable Lois Bloom
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>Miranda v. City of New York, et al.</u>, 11 CV 714 (NGG) (LB)

Your Honor:

      I represent the plaintiff in the above matter. I write to oppose defendants' letter dated November 10, 2011. For the reasons set forth herein; defendants have failed to show good cause and their untimely application should be denied. I note that the Court granted defendants' application earlier today. However, in a telephone conversation with chambers on November 10, 2011, I requested until November 15, 2011, to submit the instant opposition. I respectfully request that the Court consider the arguments presented below and vacate the order entered today.

<u>Facts and Procedural History</u>

      Plaintiff commenced this action alleging false arrest and related claims by filing a complaint on February 14, 2011. <u>See</u> Docket Entry No. 1; Complaint, ¶¶ 36-66. The parties filed a Fed. R. Civ. P. 26(f) planning report on May 17, 2011 and a Fed. R. Civ. P. 16 initial pretrial conference was held on May 24, 2011. <u>See</u> Docket Entry No. 4; Minute Entry dated May 31, 2011; Order dated May 31, 2011. Following amendment of the complaint and joinder of issue of a new defendant, a status conference was held on July 28, 2011. <u>See</u> Docket Entry Nos. 6-8; Scheduling Order dated July 11, 2011. At that conference, the Court endorsed the parties' 26(f) proposal, adopting their proposed discovery deadline of October 24, 2011. The parties exchanged discovery demands and responses and submitted a stipulation to govern defendants' production of disciplinary and personnel records. <u>See</u> Docket Entry No. 9. The Court endorsed the parties' proposed stipulation on August 24, 2011. <u>See</u> Docket Entry No. 10.

      When defendants declared the case a "no pay" and refused to engage in settlement discussions, plaintiff moved for substitution of counsel and the undersigned appeared on plaintiff's behalf. <u>See</u> Docket Entry Nos. 11-12; Order dated September 26, 2011. Following the appearance

of new counsel, discovery proceeded until the October 24th deadline. After discovery closed, the Court issued an order setting deadlines for submission of pre-motion letters. See Order dated November 2, 2011. By letter dated November 10, 2011, defendants moved to extend the October 24th deadline, *nunc pro tunc*, on the basis that defense counsel had "failed calendar the discovery deadline" (sic) due to an "inadvertent error based on [counsel's] extremely busy schedule in the past few months." See Defs. 11/10/11 Ltr., p. 1.

## The Fed. R. Civ. P. 16(b) "Good Cause" Standard

Rule 16 of the Federal Rules of Civil Procedure allows a scheduling order to "be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16 (b)(4); see Gray v. Town of Darien, 927 F.2d 69, 74 (2d Cir. 1991); see also Local Civil Rule 16.2 ("In any case referred to a Magistrate Judge, the Magistrate Judge may issue or modify scheduling orders pursuant to Fed. R. Civ. P. 16(b)."). "A finding of good cause depends on the diligence of the moving party." Grochowski v. Phoenix Const., 318 F.3d 80, 86 (2d Cir. 2003) (applying good cause standard in upholding district court's denial of plaintiffs' motion to reopen discovery).

> District courts in this circuit have considered additional factors, specific to assessing a request to modify a scheduling order by reopening discovery, including: (1) the imminence of trial; (2) whether the request is opposed; (3) prejudice to the non-moving party; (4) whether the moving party foresaw the need for additional discovery, in light of the discovery deadline set by the court; and (5) whether further discovery is likely to lead to relevant evidence.

Jeannite v. City of New York Dep't of Bldgs., 09-CV-3464 (DAB) (KNF), 2010 WL 2542050, *2 (S.D.N.Y. June 21, 2010) (citing Am. Mfrs. Mut. Ins. Co. v. Payton Lane Nursing Home, Inc., 05-CV-5155 (AKT), 2010 WL 985201, *3 (E.D.N.Y. Mar. 15, 2010) and Pharmacy, Inc. v. Am. Pharm. Partners, Inc., 05-CV-776 (DRH) (AKT), 2008 WL 4415263, *3 (E.D.N.Y. Sept. 24, 2008)).

To satisfy the good cause standard "the party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met." Sokol Holdings, Inc. v. BMD Munai, Inc., 05–CV–3749 (KMW) (DF), 2009 WL 2524611, *7 (S.D.N.Y. Aug. 14, 2009) (citing Rent–A–Center Inc. v. 47 Mamaroneck Ave. Corp., 215 F.R.D. 100, 104 (S.D.N.Y. 2003)). The good cause standard is not satisfied when the application rests on information "that the party knew, or should have known, in advance of the deadline." Id. (collecting cases).

Where the failure to comply with a deadline "was occasioned by [the party's] own counsel's lack of diligence," such party has "failed to establish 'good cause' for an extension under Rule 16(b) of the Federal Rules of Civil Procedure." Jones v. J.C. Penny's Dept. Stores Inc., 317 Fed. App'x 71, 75 (2d Cir. 2009) (internal citation omitted); see Wega v. Center for Disability Rights Inc., 395 Fed. App'x 782, 786 (2d Cir. 2010) (where counsel had "neglected to exercise due diligence in locating the witness prior to the discovery deadline, he failed to establish 'good cause' for an extension under Rule 16(b)..."); Gotlin v. Lederman, 04-CV-3736 (ILG) (RLM), 2009 WL 2843380, *7 (E.D.N.Y Sept. 1, 2009) ("In other words, an application to reopen discovery should

be denied where the moving party has not persuaded the Court that it was impossible to complete the discovery by the established deadline.") (internal citations and quotation omitted); Goss v. Long Island R.R. Co., 94-CV-4927 (EHN), 1996 WL 743350, at *1 (E.D.N.Y. Dec. 12, 1996) (denying motion to reopen discovery); see also, e.g., Harris v. Computer Assocs. Int'l, Inc., 204 F.R.D. 44, 45 (E.D.N.Y. 2001) ("Discovery should not be extended when a party had an ample opportunity to pursue the evidence during discovery."). Further, the fact that an extension is first sought after a deadline has expired "weighs heavily against [the request] being granted." Esposito v. Francis, 09-CV-421 (DRH) (ETB), 2011 WL 4593738, *2 (E.D.N.Y. Sept. 30, 2011) (internal citations and quotations omitted).

Defendants' Application Fails to Establish "Good Cause"

Defendants made their application for an extension of discovery eighteen days after the discovery deadline. Thus, they were obligated to make a "good cause" showing sufficient to overcome the strong presumption that such an application should be denied. See Gotlin 2009 WL 2843380 at *7; Harris, 204 F.R.D. at 45; Esposito, 2011 WL 4593738 at *2. Defendants offered only counsel's negligence in failing to note the deadline as a basis for their request. See Defs. 11/10/11 Ltr., p. 1. While counsel noted her "extremely busy schedule" in "the last few months," there was no explanation for why the discovery deadline was not calendared in May 2011 when the parties agreed to it – over six months ago – or when it was adopted by the Court in July 2011. In addition, counsel cited a recent vacation to justify the untimeliness of the application but failed to explain why she had not reviewed the docket sheet for this case before embarking on vacation. It is respectfully submitted that defense counsel's lack of due diligence regarding information the party "knew, or should have known, in advance of the deadline," i.e. when discovery ended, is precisely the conduct that courts in this circuit have repeatedly held does not suffice to establish good cause for a discovery extension, let alone one made over two weeks late. Jones, 317 Fed. App'x at 75; Sokol Holdings, Inc., 2009 WL 2524611 at *7 (collecting cases).

In addition to counsel's admitted lack of diligence, the other Jeannite factors favor denial of defendants' application: (1) discovery is over and, as this case rests on a fundamental dispute of fact, there will be no dispositive motion served, making trial imminent; (2) the request is opposed; (3) plaintiff will be substantially prejudiced by the delay defendants' requested extension will cause to the prosecution of the action; (4) defendants obviously foresaw the need for the discovery at issue, as it is the plaintiff's deposition, which the Law Department conducts in every case; and (5) while the plaintiff's deposition is likely to lead to admissible evidence, this factor alone cannot outweigh the absence of good cause and the other four Jeannite factors favoring denial.

Finally, defendants' application must be considered in the context of their posture toward this litigation. Even though the infant plaintiff has never been arrested before and the case rests on a clear factual dispute, defendants have refused to discuss the possibility of settling the case on any terms. Defendants are of course free to designate a case as a "no pay." However, in consideration of the added resources required for such cases defendants have a responsibility to litigate them with added diligence. Yet defendants have made no effort to litigate this case. Plaintiff served a deficiency letter regarding defendants' discovery responses on July 27, 2011. Defendants never responded to that letter or produced any of the individual officers' disciplinary records, even though the confidentiality stipulation was endorsed on August 24, 2011. Defendants also never made any

3

effort to arrange the plaintiff's deposition and never served subpoenas on any of the non-parties (all of whom were disclosed in plaintiff's initial disclosures).  It is respectfully submitted that defendants should be held to the "good cause" standard especially where they have stubbornly refused to discuss settlement or to litigate and have failed to keep track of the case's basic deadlines.

Accordingly, plaintiff respectfully requests that defendants' application for a discovery extension be denied.  To the extent the Court is inclined to grant defendants leave to depose the plaintiff, it is respectfully requested that: 1) leave to depose the non-parties who were never subpoenaed be denied; and 2) defendants be ordered to provide the outstanding discovery outlined in plaintiff's July 27th deficiency letter by a date certain.

Thank you for your consideration of this request.

Respectfully submitted,

Christopher J. Wright

cc:     ACC Diep Nguyen, Esq. (by ECF)

4