

| | | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **DIEP NGUYEN**<br>*Assistant Corporation Counsel*<br>phone: (212) 341-9848<br>fax: (212) 788-9776<br>dinguyen@law.nyc.gov |

November 14, 2011

**BY ECF**
Honorable Lois Bloom
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>Yecenia Miranda v. City of New York, et al.</u>, 11 CV 714 (NGG) (LB)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, and the attorney for defendants City of New York, Lieutenant Peter Carretta, and Detective Derrick Golden ("defendants") in the above-referenced matter. I write to respectfully reply to plaintiff's opposition to defendants' motion to extend discovery.

      First, I note, for the Court's information, that the infant plaintiff J.Q.'s deposition would have been completed months ago, but for the fact that J.Q. now resides in Colorado. When Mr. Harvis was handling the matter, I explored several options with him on how best to take J.Q.'s deposition, including a video deposition; however, the results of those discussions never came to fruition because Mr. Harvis later withdrew as counsel. When Mr. Wright took over the case, I continued to discuss with him options regarding the taking of J.Q.'s deposition, including a video deposition, which defendants were ready and willing to conduct. However, on or about October 11, 2011, in written and oral communications with Mr. Wright, he explained to me that he was trying to organize a chance for J.Q. to fly back to New York City so that the deposition can be completed here. I agreed that such an option would be amenable to me and asked Mr. Wright to contact me, as soon as possible, to let me know when J.Q. is expected to come back to New York City so that defendants can take his deposition.[1] To date, Mr. Wright has not produced J.Q. for a deposition.

---

[1] I also note that I also discussed with Mr. Wright about the production of the other non-party witnesses for their depositions as they are, upon information and belief, relatives of plaintiff.

Second, in addition to handling a full caseload, I was preparing for two trials this past summer and I had a trial in September, 2011. Moreover, as Mr. Wright already knows, I was also sick for most of October.

Given the above information, discovery would not and could not have been completed by the deadline due, in part, to the fact that plaintiff's counsel did not, at the very least, make J.Q. available for his deposition notwithstanding defendants' cooperation to take J.Q.'s deposition either by video or in person. Here, the depositions are likely to lead to the discovery of admissible evidence. No trial date has been set and plaintiff has not demonstrated how he would be prejudiced by briefly extending the discovery deadline.

Again, I apologize to the Court and to plaintiff for this request; however, in light of the above information, defendants respectfully submit that discovery would not and could not have been completed by the deadline. Accordingly, defendants respectfully request that the Court grants their application to complete discovery by December 16, 2011. Defendants also note that we have timely responded to plaintiff's discovery demands and provided plaintiff with all documents pertaining to J.Q.'s arrest. Defendants respectfully request until November 18, 2011, to provide plaintiff with the defendant officers' disciplinary histories, if any.

Thank you for our consideration herein.

Respectfully submitted,

Diep Nguyen
Assistant Corporation Counsel

cc: Christopher D. Wright, Esq. (By ECF)
Attorney for Plaintiff
305 Broadway, 14th Floor
New York, New York 10007